UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VANESSA NYCKOLE POMALES,

                            Plaintiff,

                                                              Case # 16-CV-258-FPG

v.

                                                              DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                            Defendant.
_____

Vanessa Nyckole Pomales ("Pomales" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On March 19, 2013, Pomales protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 126-38. She alleged that she had been disabled since February 8, 2012 due to back surgery, neck injury, right leg weakness, and depression. Tr. 149. On March 25, 2015, Pomales appeared and testified at a hearing before Administrative Law

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

1

Judge Eric L. Glazer ("the ALJ"). Tr. 31-57. On May 22, 2015, the ALJ issued a decision finding that Pomales was not disabled within the meaning of the Act. Tr. 13-23. On February 3, 2016, the Appeals Council denied Pomales's request for review. Tr. 1-6. Thereafter, Pomales commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not,

the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

I.   **The ALJ's Decision**

The ALJ's decision analyzed Pomales's claim for benefits under the process described above. At step one, the ALJ found that Pomales had not engaged in substantial gainful activity since the alleged onset date. Tr. 15. At step two, the ALJ found that Pomales has the following severe impairments: status post compressive microdiscectomy and obesity. Tr. 15-17. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 17.

Next, the ALJ determined that Pomales retained the RFC to perform the full range of light work.[3] Tr. 17-21. At step four, the ALJ found that Pomales can perform her past relevant work as a collector. Tr. 21-22. The ALJ also made an alternative step five finding and relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App'x 2, to determine that Pomales can adjust to other work that exists in significant numbers in the national economy. Tr. 22. Specifically, Medical-Vocational Rule 202.21 directed a finding of "not disabled" based on Pomales's RFC, age, education, and work experience. Tr. 22. Accordingly, the ALJ concluded that Pomales was not "disabled" under the Act. Tr. 22-23.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

**II.      Analysis**

Pomales argues that remand is required because the ALJ violated the treating physician rule.[4]  ECF No. 10-1, at 15-16; ECF No. 15, at 7-9.  Specifically, Pomales asserts that the ALJ failed to evaluate the opinion of her treating pain management specialist Bernard Beaupin, M.D. ("Dr. Beaupin").  *Id.*  The Court agrees.

The "treating physician rule" is "a series of regulations set forth by the Commissioner . . . detailing the weight to be accorded a treating physician's opinion." *De Roman v. Barnhart*, No. 03 Civ. 0075 (RCC) (AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citing 20 C.F.R. § 404.1527); *see also* 20 C.F.R. § 416.927(c)(2).  Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  While an ALJ may discount a treating physician's opinion if it does not meet this standard, the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

Even when a treating physician's opinion is not given "controlling" weight, the ALJ must still consider several factors in determining how much weight it should receive.  The ALJ must consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs

---

[4]     Pomales advances another argument that she believes requires reversal of the Commissioner's decision. ECF No. 10-1, at 12-15, 16-19; ECF No. 15, at 1-7.  However, because the Court disposes of this matter based on the ALJ's violation of the treating physician rule, that argument need not be reached.

and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

Here, Dr. Beaupin opined on three occasions that Pomales was "disabled from work." Tr. 506, 509, 531. Those opinions are supported by objective medical evidence such as range of motion, motor strength, and MRI results, pain medication management, and post-surgery progress notes. Tr. 504-09, 530-32; *see* 20 C.F.R. §§ 404.1527(c)(3), 416.957(c)(3) (the SSA will give more weight to an opinion supported by relevant evidence). Moreover, Dr. Beaupin is a pain management specialist and Pomales's alleged severe and chronic pain is a central issue of her disability claim. *See* 20 C.F.R. §§ 404.1527(c)(5), 416.957(c)(5) (the SSA will give more weight to an opinion rendered by a specialist about medical issues related to his or her specialty).

The ALJ's decision summarizes some of Dr. Beaupin's examination findings, but it does not discuss or even mention Dr. Beaupin's opinion that Pomales was disabled. Tr. 19-20. The ALJ's summary cites one treatment note that contains Dr. Beaupin's opinion, but in discussing that record the ALJ merely noted that Dr. Beaupin began to prescribe Pomales a certain pain medication. Tr. 20 (citing Tr. 531). The other records that the ALJ cites to from Dr. Beaupin contain bare medical evidence and do not reflect Dr. Beaupin's opinion that Pomales was disabled. As such, it is unclear to the Court whether the ALJ considered those opinions.

The Commissioner asserts that the ALJ did not err when he failed to discuss Dr. Beaupin's opinion because it went to an issue "reserved solely to the Commissioner." ECF No. 13-1, at 24. It is true that the Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and that a medical source's statement that a claimant

is "disabled" or "unable to work" does not mean that the Commissioner must find that claimant disabled. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). However, the ALJ was still obligated to explain why he refused to credit Dr. Beaupin's findings even though he opined on an issue reserved to the Commissioner. *Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) (summary order) (finding that the district court erred when it held that, because the treating physician's opinion went to issues reserved to the Commissioner, the plaintiff was not entitled to an explanation of the reasons why the ALJ refused to credit the treating physician's findings). The Second Circuit has explained that:

> Reserving the ultimate issue of disability to the Commissioner relieves the [SSA] of having to credit a doctor's finding of disability, but it does not exempt [ALJs] from their obligation . . . *to explain why* a treating physician's opinions are not being credited. The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, even—and perhaps especially—when those dispositions are unfavorable.

*Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (emphasis added). Moreover, the ALJ never stated that he was discounting Dr. Beaupin's opinions because they went to an issue reserved to the Commissioner. The Commissioner may not substitute her own rationale when the ALJ failed to provide one. *Id.* ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (quotation marks and citation omitted).

The Commissioner also argues that the ALJ did not err because the Court can "glean the rationale" behind the ALJ's decision based on other evidence that he relied on to find Pomales not disabled. ECF No. 13-1, at 24-25; *see Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When . . . the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a

conclusion of disability."). As mentioned previously, however, it is unclear whether the ALJ reviewed and considered Dr. Beaupin's opinion that Pomales was disabled and the SSA's regulations require the ALJ to *explain why* those opinions were discounted.

Finally, the Court is not convinced, as the Commissioner argues, that the ALJ's consideration of Dr. Beaupin's opinion would not change the outcome of this matter and thus any error is harmless. ECF No. 13-1, at 25; *see Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Where application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency reconsideration.") (alterations and citations omitted). It is unclear whether the ALJ considered Dr. Beaupin's opinions at all, and those opinions were more favorable to Pomales than the other evidence considered. *Zabala*, 595 F.3d at 409. On remand, it is certainly possible that a proper analysis of Dr. Beaupin's opinion in accordance with the regulations could alter the ALJ's decision.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 1, 2017
   Rochester, New York

                    _____
                    HON. FRANK P. GERACI, JR.
                    Chief Judge
                    United States District Court